## (January 24, 1972)

■    ROBERT ABRAMS, Respondent, v. RESORT CONSTRUCTION CORP. et al., Defendants, and SEABOARD POOLS, INC., Appellant.— In a personal injury action, defendant Seaboard Pools, Inc., appeals from an order of the Supreme

Court, Suffolk County, entered June 19, 1970, which denied its motion to vacate a default judgment entered January 2, 1970, to dismiss the complaint as abandoned pursuant to CPLR 3215 (subd. [c]), and for other relief. Order affirmed, with $10 costs and disbursements. This action was commenced against several defendants in June of 1963 by the service of a summons without a complaint. A notice of appearance was served on behalf of defendant Seaboard Pools, Inc. Thereafter plaintiff served his complaint, but Seaboard defaulted in answering. Plaintiff failed to take proceedings for entry of judgment within one year after Seaboard's default and therefore dismissal of the · complaint was required unless "sufficient cause" were shown why it should not be dismissed (CPLR 3215, subd. [c]; former Rules Civ. Prac., rule 302). In our opinion, such sufficient cause is shown in the record before us. It is uncontroverted that plaintiff is an unskilled laborer who lives in California with his wife and four children and it appears that multiple trips to this State for trial or assessment of damages would be beyond his means. After Seaboard's default in answering, Seaboard was kept informed of the status of the case at every stage of the proceedings and in fact was served with the note of issue, the statement of readiness, the demand for a jury and a notice of assessment of damages. Nevertheless, Seaboard willfully chose to disregard these notices. It failed to move to open its default when the case was called for trial and it did not appear at the assessment of damages (cf. *Ballard* v. *Billings & Spencer Co., 36 A D 2d 71*). From these facts it is clear that plaintiff never intended to abandon the action as against Seaboard and that Seaboard's default was knowing and willful. Therefore, Seaboard was in no wise misled into believing the complaint abandoned by plaintiff's delay in moving for default judgment and sufficient cause was shown for not dismissing the complaint. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.